IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| ELDON J. COLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 09-2780-STA |
| PENNAKEM, LLC d/ba PENN | ) |
| SPECIALTY CHEMICALS, INC.,; | ) |
| | ) |
| Defendants. | ) |

_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT IX OF PLAINTIFF'S SECOND AMENDED COMPLAINT**
_____

Before the Court is Defendant Penn A Kem LLC's Motion to Dismiss Count IX of Plaintiff's Second Amended Complaint (D.E. # 22) filed on March 11, 2010. Plaintiff Eldon J. Coley filed a Response in opposition to Defendant's motion (D.E. # 24) on March 29, 2010. For the reasons set forth below, Defendant's Motion is **GRANTED**.

**BACKGROUND**

As an initial matter, the Court notes that neither Plaintiff's Complaint, Amended Complaint or Second Amended Complaint contains a delineated fact section. Instead, Plaintiff seems solely to rely on the factual allegations he asserts as to each specific count of his Second Amended Complaint. While this practice arguably complies with Fed. R. Civ. P. 8, the Court notes that it creates unnecessary confusion as to Plaintiff's factual allegations.

Plaintiff Eldon J. Coley was employed by Defendant Penn A Kem. 2d Am. Comp. ¶ 25. During Plaintiff's employment, he lodged multiple complaints with Defendant alleging that his

workplace was unsafe due to faulty equipment and overexposure to toxins and carcinogens. *Id*. Plaintiff asserts that toxins and carcinogens were sprayed into the air throughout Defendant's building and into the outside air. *Id*. Plaintiff was terminated on January 22, 2009. *Id*. at ¶ 12. Plaintiff alleges that his termination was in retaliation for making these complaints in violation of Tenn. Code. Ann. § 50-3-409.

In the instant Motion before the Court, the Defendant asserts that there is no private cause of action under the Tennessee Occupational Safety & Health Act ("TOSHA"), Tenn. Code Ann. § 50-3-409 and therefore Count IX of Plaintiff's Second Amended Complaint should be dismissed. Defendant also contends that the Plaintiff can not cast his TOSHA retaliation claim under the Tennessee Public Protection Act (TPPA) because he did not complain about illegal activities as defined under the Act.

In response in opposition to Defendant's Motion, Plaintiff notes that Tenn. Code Ann. § 50-3-409 states

> [a]ny employee who believes that the employee has been discharged or otherwise discriminated against by any person in violation of this section *may,* within thirty (30) days after the violation occurs, file a complaint with the commissioner of labor and workforce development alleging the discrimination.[1]

Plaintiff asserts that based on the permissive language of § 50-3-409 filing a complaint with the commissioner of labor is not the exclusive remedy for an alleged violation under the statute. To bolster his argument, Plaintiff contrasts the permissive language of § 50-3-409 to the mandatory language of Title VII of the Civil Rights Act of 1964.

## STANDARD OF REVIEW

---

[1] Tenn. Code Ann. § 50-3-409. (emphasis added).

A defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4] "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[5]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[6] The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[7] Therefore, the Sixth Circuit has articulated the following as the

---

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[5] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[6] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[7] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[8]  Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[9]

## ANALYSIS

As an initial matter, the Court notes that Plaintiff filed his initial complaint (D.E. # 1) on December 1, 2009.  Plaintiff then filed an amended complaint (D.E. # 5) on December 11, 2009. Defendant Penn A Kem filed a motion to dismiss (D.E. # 12) several counts of Plaintiff's amended complaint on January 28, 2010.  After that time, Plaintiff filed a second amended complaint (D.E. # 20) on February 25, 2010.  Defendant filed the instant Motion before the Court (D.E. # 22) on March 11, 2010.  A pleading that has been amended under Fed. R. Civ. P. 15(a) supersedes the pleading it modifies and once an amended pleading is interposed, the original pleading no longer performs any function in the case.[10]  As such, Defendant's original motion to dismiss is now moot.  Therefore, Defendant's Motion to Dismiss is **DENIED**.

In the instant Motion before the Court, the Defendant's primary argument is that Plaintiff can not maintain a separate common law retaliatory discharge claim for an alleged violation of

---

[8] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[9] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[10] *B&H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir. 2008).

TOSHA.  More specifically, the Defendant asserts that since the statutory remedy established by TOSHA predates the common law claim of retaliatory discharge under Tennessee law, TOSHA provides the exclusive remedy.  Defendant relies on *Boyd v. Edwards & Assoc., Inc*. and *Ellis v. Rexnord Indus*., for this proposition.

In *Ellis*, a district court case in the Eastern District of Tennessee, the plaintiff alleged that the defendant was liable for a violation of Tennessee common law for terminating plaintiff's employment for attempting to assert his right to a safe work environment under TOSHA.[11]  In response, the defendant argued that TOSHA provided the exclusive remedy for any claim of discharge in retaliation for filing a complaint of a workplace safety violation.[12]  The court agreed with the defendant's reasoning and noted that "when a statutory remedy predates a common law remedy, the statutory remedy is exclusive."[13]  Finding that TOSHA predated the remedy of retaliatory discharge under Tennessee law, the court held that plaintiff's common law claim of retaliatory discharge failed.[14]

In *Boyd*, the Tennessee Court of Appeals examined the court's analysis in *Ellis* and agreed with its reasoning.  The Tennessee Court of Appeals noted:

> the statute (Tenn. Code Ann. § 50-3-409) created a new right and a remedy for its enforcement in 1974, several years before common law retaliatory discharge was recognized in *Clanton*, and the statutory remedy would be exclusive.

Plaintiff acknowledges the holdings in *Ellis* and *Boyd* but asserts that the courts' holdings are a

---

[11] *Ellis v. Rexnord Indus., LLC*, No. 3:06-CV-401, 2007 WL 2509689, at *3 (E.D. Tenn. Aug. 30, 2007).

[12] *Id*.

[13] *Id*. at *4.

[14] *Id*.

5

misapplication of Tennessee law. Plaintiff, however, provides no support for this position and instead focuses on the permissive language of Tenn. Code Ann. § 50-3-409.

In *McGhee v. Adesa Auctions Memphis*, this very Court addressed whether a plaintiff could maintain a common law claim of retaliatory discharge for a violation of TOSHA.[15] There, the Court reasoned that since TOSHA was enacted in 1972 and amended in 1974 and the common law claim for retaliatory discharge was recognized under Tennessee law in 1984, the "statutory remedy established by TOSHA predates the common law claim of retaliatory discharge, and thus . . . TOSHA provides the exclusive remedy."[16] As such, this Court found that the plaintiff in *McGhee* could not maintain a common law claim of retaliatory discharge for a violation of TOSHA.[17] Following the courts reasoning in *Ellis*, *Boyd*, and this very Court's reasoning in *McGhee*, the Court finds that Plaintiff's claim of retaliation for asserting his right to a safe work environment under TOSHA is preempted and Plaintiff's common law claim of retaliatory discharge, Count IX of his second amended complaint, must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Count IX of Plaintiff's Second Amended Complaint is **GRANTED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON

---

[15] *McGhee v. Adesa Auctions Memphis*, No. 08-2457, 2009 WL 649828, at *7 (W.D. Tenn. Mar. 12, 2009).

[16] *Id*.

[17] *Id*.

UNITED STATES DISTRICT JUDGE

Date: May 28th, 2010